UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                                    Case No. 11-CR-124

DARRELL M. SCHNEIDER,

        Defendant.

---

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISION**

---

      Defendant Darrell M. Schneider was sentenced to 96 months imprisonment, to be followed by 10 years of supervised release upon his conviction for sexual assault. The case was unusual in that Schneider was convicted of sexually assaulting his then fifteen-year-old daughter. He also moved to withdraw his guilty plea prior to sentencing. At the motion to withdraw his plea hearing, the Government played jail recordings of Schneider persuading his daughter to change her testimony. When confronted with those calls, Schneider claimed he did not recognize his daughter's voice, a claim that the court found lacked credibility.

      Following his prison term, Schneider's supervised release commenced on August 10, 2018. Although there have been some concerns at various times, it appears that, for the most part, Schneider has been compliant with supervision rules. The case is now before the court on Schneider's motion for early termination of his supervised release. Both U.S. Probation and the Government oppose Schneider's motion.

      In January of 2021, Schneider was before the court for allowing his then 16-year-old daughter to move in with him without first seeking permission from his supervising agent. More

recently, however, it appears that he has completed his sex offender treatment and meets every couple of months with his probation agent. It appears he is employed and has a stable residence.

Under 18 U.S.C. § 3583(e)(1), a district court is authorized to terminate supervised release early if: 1) the defendant has completed at least one year of supervision; 2) the Government is given notice and an opportunity to be heard; and 3) the termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). The first two criteria are clearly satisfied in this case. The issue is whether termination would be in the interests of justice.

District courts have wide discretion in making such a determination. *See United States v Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Courts have generally concluded, however, that the conduct of the defendant needed to justify an early termination should include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. *United States v. White*, 06-CR-50, 212WL5198364 *2 (E.D. Wis. October 19, 2012). "Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders the defendant's rehabilitation." *Id.* (collecting cases). It is the defendant's burden to demonstrate that early termination is justified.

It was the unusual nature of the case, the seriousness of the offense, and the defendant's continual refusal to accept responsibility that led the court to impose a lengthy period of supervised release. Defendant, at least as appears on this record, has been compliant with conditions and is to be commended for this. However, defendant has failed to allege facts or make any claim that supervision is hindering him in any way from carrying out his normal activities. The supervision is at a light level at this point, so as not to be burdensome as far as the court can tell. Defendant

2

does not claim to the contrary. Moreover, supervision, even if treatment is completed, ensures the type of monitoring that will provide additional protection to the public. And while defendant has been compliant, there is no showing of unusually or exceptionally good behavior that would warrant an early termination. In the absence of such a showing and given the court's strong interest in protecting the public from similar crimes in the future, the motion will be denied.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of October, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge